19-1967-cv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of May, two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                          *Circuit Judges*.

_____

IN RE: DAVIS NEW YORK VENTURE FUND FEE LITIGATION

_____


GARY A. HEBDA, DEBORAH L. HEBDA, SCHUYLER HOFFMAN,

                                   *Plaintiffs-Appellants*,

SAUL CHILL, SYLVIA CHILL,
                                   *Movants-Appellants,*
             v.                                      19-1967-cv

DAVIS SELECTED ADVISERS, L.P., DAVIS SELECTED ADVISERS-NY, INC.,

                                   *Defendants-Appellees*.

_____

Appearing for Appellant:    Andrew W. Robertson, Zwerling, Schachter & Zwerling, LLP
                            (Robin F. Zwerling, Susan Salvetti, *on the brief*), New York, N.Y.

Appearing for Appellee:     Stephen G. Topetzes, K&L Gates LLP (Theodore L. Kornobis,
                            Meghan E. Flynn, Joanna A. Diakos), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Gary A. Hebda, Deborah L. Hebda, Schulyer Hoffman, Saul Chill and Sylvia Chill (together, "Plaintiffs") appeal from the May 30, 2019 memorandum opinion and order of the United States District Court for the Southern District of New York granting the summary judgment motion of Davis Selected Advisers, L.P. and Davis Selected Advisers-NY, Inc. (together, "Davis"). Plaintiffs also challenge the district court's evidentiary rulings precluding portions of the proposed testimony of Plaintiffs' expert and admitting that of Davis's expert. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs are shareholders of the Davis New York Venture Fund ("the Fund"), an SEC-registered mutual fund that retains Davis as the Fund's investment adviser. They allege that Davis violated its fiduciary duty under Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b), by charging excessive fees for its services. The district court granted Davis's motion for summary judgment. We review a grant for summary judgment de novo, and "will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine dispute of material fact and demonstrates the movant's entitlement to judgment as a matter of law." *See FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019) (internal quotation marks omitted).

We affirm for substantially the same reasons as those set forth in the district court's thorough and well-reasoned opinion. *In re Davis New York Venture Fund Fee Litigation*, No. 14 CV 4318-LTS-HBP, 2019 WL 2896415 (S.D.N.Y. May 30, 2019). To prevail on a claim of breach of fiduciary duty pursuant to Section 36(b) of the ICA, Plaintiffs must prove that Davis "charge[d] a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining." *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010). Six factors aid the inquiry: "(1) the nature and quality of services provided to fund shareholders; (2) the profitability of the fund to the adviser-manager; (3) fall-out benefits; (4) economies of scale; (5) comparative fee structures; and (6) the independence and conscientiousness of the trustees." *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 340 (2d Cir. 2006).

We agree with the district court that, even resolving all factual disputes in favor of Plaintiffs, Davis is entitled to judgment as a matter of law. Plaintiffs contend that the range of permissible fees should include the rates that Davis charged for services rendered to a group of five mutual funds, for whom Davis served as a subadviser rather than as a direct adviser, and to whom Davis charged lower fees than those that it charged to the Fund. But Plaintiffs fail to raise a genuine factual dispute regarding the aptness of comparing Davis's fees to two other mutual funds, the Clipper Fund and the Selected Funds. The record demonstrates that the Clipper and Selected Funds are mutual fund complexes on par with the Fund here, and Davis served as the direct investment adviser for each, providing services and charging fees that were substantially similar to those provided and charged to the Fund. Accordingly, an analysis of comparative fee

structures suggests that the fees that Davis charged to the Fund were within the range that could be negotiated at arm's length, even if we credit Plaintiffs' argument that such a range also includes the lower fees that Davis charged as a subadviser**.** Moreover, the record does not reflect that "Davis' profits were out of proportion to the services rendered." *Davis*, 2019 WL 2896415, at \*14 (quoting *Schuyt v. Rowe Price Prime Reserve Fund. Inc.*, 663 F. Supp. 962, 989 n.77 (S.D.N.Y.), *aff'd*, 835 F.2d 45 (2d Cir. 1987) (profit margin of 77.3% was not excessive, but noting that it could be depending on other factors, such as the quality of the services or the strength of the board's process).

Our review of the record also establishes that Plaintiffs failed to raise a genuine dispute of material fact as to the independence and conscientiousness of the Fund's trustees. Nothing in the record contradicts the testimony of Board member Marsha Williams, who testified that the information Davis provided to the Board to facilitate its annual review of its agreement with Davis included material addressing all subjects that Plaintiffs claim Davis concealed or failed to disclose. And as the district court aptly noted, liability cannot rest on the Board's failure to negotiate the best possible fee. *See Chill v. Calamos Advisers LLC,* No. 15 CIV. 1014 (ER), 2018 WL 4778912, at \*14 (S.D.N.Y. Oct. 3, 2018) ("It is well settled that Section 36(b) does not require negotiation between a board of trustees and [a] fund investment adviser."). Finally, the record demonstrates that the Board discussed fee issues regularly. Because we conclude that Plaintiffs failed to raise a genuine dispute as to the Board's independence and conscientiousness, the Board's decision with respect to Davis's fee structure is entitled to substantial deference. We "may [not] supplant the judgment of disinterested directors apprised of all relevant information, without additional evidence that the fee exceeds the arm's-length range." *Jones*, 559 U.S. at 352. The factual disputes asserted by Plaintiffs, even taken together and resolved in their favor, do not establish that Davis's fees exceeded the permissible range. Therefore, we agree with the district court that Plaintiffs' Section 36(b) claim fails as a matter of law.

We turn to Plaintiffs' challenges to the district court's evidentiary rulings, which we review for abuse of discretion. *See United States v. Persico*, 645 F.3d 85, 99 (2d Cir. 2011). "[T]he admission of expert testimony is not an abuse of discretion unless it is manifestly erroneous." *United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006). Plaintiffs sought to preclude testimony by defense expert Jeffrey Keil on the grounds that Keil failed to disclose his methodology and improperly based his opinions on his own practical experience. The district court did not abuse its discretion in declining to preclude Keil's testimony. Board protocols are not a scientific matter, such that "expert testimony does not [have to] rest on traditional scientific methods." *United States v. Litvak*, 808 F.3d 160, 180 n.25 (2d Cir. 2015) (quoting *Davis v. Carroll*, 937 F. Supp. 2d 390, 412 (S.D.N.Y. 2013). "Experts of all kinds tie observations to conclusions through the use of what Judge Learned Hand called 'general truths derived from ... specialized experience.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148–49, (1999) (citation omitted). "Thus, district courts must be mindful that the *Daubert* factors do not all necessarily apply even in every instance in which reliability of scientific testimony is challenged, and in many cases, the reliability inquiry may instead focus upon personal knowledge and experience of the expert." *Litvak*, 808 F.3d at 180 n.25 (internal quotations omitted).

Nor did the district court abuse its discretion in preventing Plaintiffs' expert, Dr. Ian Ayres, from opining on several subjects, including a comparison of the services Davis provided

3

as direct adviser to the Fund and as subadviser to other mutual funds, the profits Davis would have realized if it had charged the Fund lower fees, whether Davis charged the Fund excessive fees, and the effect of cognitive biases on competition between mutual fund investment advisers. As to each of these subjects, the district court reasonably concluded that Plaintiffs failed to establish that Dr. Ayres possessed relevant qualifications (notwithstanding his general expertise in economics), failed to establish that the basis for his opinion was economic rather than legal, or failed to establish the reliability of his testimony. We therefore conclude that the district court did not abuse its discretion in precluding portions of Dr. Ayres's testimony.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4